Putnau, J.,
delivered the opinion of the Court. This *was a case where the assured, an American, was the real, but a Spaniard was the ostensible, owner of the ship, which was the subject of the insurance. The assured, in case of capture, undertook to claim as for Spanish property, and he made a successful claim. The ship was restored to the ostensible owner; but he afterwards employed her in a voyage which the assured never contemplated: he betrayed the trust reposed in him, and converted the property to his own use.
It has been argued, for the plaintiff, that, having abandoned when the ship was in the hands of the captors, the property vested in the underwriter, and he is answerable for it.
But did the abandonment change the property ? It was undoubt edly made for a sufficient cause, and in a reasonable time. The ship was under detention. But as this was temporary, and it does not appear that she sustained any damage while in the possession of the enemy, the plaintiff is not entitled to recover for a total loss on that ground, (a)
If, as has been contended, the ostensible owner became the agent for the underwriters, after the restoration, the defendant would be answerable for a total loss, in the same manner as if he had himself received the property. But the ostensible owner was not the agent of the assurers, but of the assured. The defendant undertook that the ship might pursue her voyage in safety as a Spanish vessel, and that, if she should be captured, she should be restored.
*102 upon a claim being made for her as Spanish property. The precise event has happened.
The loss has occurred to the assured by reason of the fraud of the ostensible owner. Suppose that he had proceeded from the Havana to London, instead of Boston, according to the voyage insured, would the underwriter be answerable ? It could not have been for the barratry of the master; because he was bound to obej the orders of the owner, and the underwriter would have been discharged in such a case by the deviation. In short, the assured has sustained a loss, not from any of * the perils in the policy, but from the act and fraud of one whom he trusted, and for whom the defendant is not answerable.

Plaintiff nonsuit.

 [This decision cannot easily be reconciled with the doctrine generally received, in the United States at least, that the state of things at the time of the offer to abandon fixes the rights of the parties, (Rhinelander vs. Ins. Co. Pennsylvania, 4 Cr. 29.— Marshall vs. Delaware Ins. Co. 4 Cr. 202.—Dickey vs. American Ins. Co. 11 Johns 358.—Jusnel & Al. vs. The Mar. Ins. Co. 7 Johns. 412,) and that, by the abandonment, rightly made, the insurers become the owners of the property, and the master becomes their agent.— Coolidge vs. The Gloucester Ins. Co. 15 Mass. Rep, 346. — Scheffelin vs. New York Ins. Co. 9 Johns. 26. — Brig Sarah Ann, 2 Sam. 210. — Peele vs. The Suffolk Ins. Co. 7 Pick. 254. — Hall vs. The Franklin Ins. Co. Pick. 466.— Lovering vs. The Merc. Ins. Co. 12 Pick. 348. —-Ed.]